07 CV 6403

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

RENEE PALOMPELLI,                                    :

JUDGE KARAS

                  Plaintiff,           :

CASE NO. _____

     vs.                                         :

EQUINOX FITNESS CLUB, EQUINOX           :
HOLDINGS, INC., THE EQUINOX GROUP,      :
INC., and ANISHA KHANNA in her official and :
personal capacities                                         :

               Defendants.      :

---------------------------------------------------------- x

RECEIVED
JUL 13 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Renee Palompelli ("Plaintiff" or "Ms. Palompelli"), by and through her

undersigned counsel, as and for her Complaint in this action against Defendants Equinox

Fitness Club, Equinox Holdings, Inc., The Equinox Group, Inc. (collectively, "Equinox" or

the "Company") and Anisha Khanna ("Defendant Khanna"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.      This is an action for declaratory, injunctive and equitable relief, as well as

monetary damages, to redress Defendants' unlawful employment practices and unlawful

retaliation against Plaintiff, including Defendants' discriminatory treatment, harassment, and

the wrongful termination of her employment due to her sex and her complaints of

discrimination on behalf of herself and other female employees at Equinox, in violation of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title

VII"); New York State Human Rights Law, New York Executive Law, §§ 290 et seq., and the

New York City Human Rights Law (Title 8 of the New York City Administrative Code),
§§ 8-101 et seq.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and
1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights
under Title VII. The Court has supplemental jurisdiction over Plaintiff's related claims
arising under state law pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a
substantial part of the events or omissions giving rise to this action, including the unlawful
employment practices alleged herein, occurred in this district.

## PARTIES

4.      Plaintiff Renee Palompelli, a 50-year old female, is a resident of the State of
New York, Bronx County. At all relevant times, she met the definition of an "employee"
under all applicable statutes.

5.      Upon information and belief, at all relevant times, Defendant Equinox
Holdings, Inc., was and is a foreign corporation with its principal office located at 895
Broadway, New York, New York 10003, in the City and State of New York, and regularly
transacts business in this district.

6.      Upon information and belief, at all relevant times Defendant Equinox Fitness
Club was and is a foreign corporation with its principal office at 895 Broadway New York,
New York 10003, in the City and State of New York, and a subsidiary of Defendant Equinox
Holdings, Inc., and regularly transacts business in this district.

2

7.     Upon information and belief, at all relevant times Defendant The Equinox Group, Inc. was and is a domestic corporation and a subsidiary of Defendant Equinox Holdings, Inc., and regularly transacts business in this district.

8.     At all relevant times, Equinox operated and continues to operate exercise clubs in New York, Connecticut, and other states.

9.     At all relevant times, Equinox has met the definition of an "employer" under all applicable statutes.

10.     Upon information and belief, Defendant Khanna resides in the State of New York.  At all relevant times, she was employed by Equinox as the Director of Retail, and in that capacity directly participated in the unlawful actions taken against Plaintiff.

## PROCEDURAL REQUIREMENTS

11.     Plaintiff has complied with all statutory prerequisites to her Title VII claims, having filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about January 11, 2007, and having requested and received notice of her right to sue from the EEOC on or about June 12, 2007.  This action is being filed within 90 days of receipt of Plaintiff's EEOC Right to Sue Letter.  See Ex. 1 (EEOC Right to Sue Letter).

12.     Prior to the commencement of this action, a copy of this Complaint was served on the New York City Commission of Human Rights and the Office of Corporation Counsel of the City of New York, thereby satisfying the notice requirement of § 8-502 of the New York City Administrative Code.

13.     Any and all other statutory prerequisites to the filing of this suit have been met.

3

## FACTUAL ALLEGATIONS

### Plaintiff's Employment at Equinox

14.    At Equinox's exercise clubs, Equinox owns and operates shops that sell exercise apparel, referred to as the "The Shop at Equinox," (hereinafter, "Equinox Shop").

15.    Renee Palompelli began working at the Equinox club in Scarsdale as a Sales Associate in or about November 2005.

16.    Given her excellent work performance, Ms. Palompelli soon received a series of promotions at the Company.

17.    In February 2006, Ms. Palompelli was promoted to a full-time position as Manager on Duty ("MOD") of the Equinox Shop in Scarsdale. During this time, Ms. Palompelli reported to Scott Coleman, who was the Regional Shop Manager, Jeff Ditri, who was the General Manager at the Equinox club in Scarsdale, and Jay Reyes, who was the General Manager in Training.

18.    Soon thereafter, in July 2006, Ms. Palompelli was promoted to Regional Shop Manager for the shops at each of the Equinox clubs in Scarsdale (New York), Mamaroneck (New York), and Darien (Connecticut). During this time, Ms. Palompelli reported to Mr. Ditri, Mr. Reyes, and two Equinox officers, Maurice Brown (Retail Manager) and Anisha Khanna (Director of Retail), who worked at the Company's main corporate office located at 895 Broadway, New York, New York.

19.    Ms. Palompelli's employment with Equinox was unlawfully terminated on October 10, 2006, soon after she had undertaken efforts to stop the sexual harassment and hostile work environment that she and other female employees at Equinox were subjected to at the Equinox club in Scarsdale.

4

## The Hostile Work Environment and Rampant Sexual Harassment at Equinox

20.    Throughout their employment at the Equinox club in Scarsdale, Plaintiff and other women were subjected to a hostile work environment consisting of severe and pervasive sexual harassment, which included repeated unwelcome sexual advances, vulgar sexual comments, inappropriate touching, assault, and battery by Jeff Ditri, the General Manager of the Equinox club in Scarsdale.

21.    When Plaintiff first began her employment with Equinox at the Scarsdale location, she observed Mr. Ditri subjecting young female employees to unwelcome sexual advances.  Mr. Ditri's sexual harassment was so severe and pervasive that the young women working at the Equinox Shop would try to avoid shifts during which Mr. Ditri worked out of fear of being subjected to his harassment.

22.    Mr. Ditri then began subjecting Plaintiff to unwelcome sexual advances, often touching, groping, and rubbing her, and making sexually suggestive and vulgar and threatening sexual comments to her.  For example, Mr. Ditri once approached Plaintiff from behind grabbing her shoulders, telling Plaintiff, "Hmmmm, five minutes with you . . . ."

23.    Plaintiff not only repeatedly told Mr. Ditri to stop his harassment, but she also complained to other supervisors.

24.    Mr. Coleman dismissed Plaintiff's complaints, telling her that Mr. Ditri was "harmless," and that she should simply ignore Mr. Ditri's behavior.

25.    In June 2006, Plaintiff complained again, this time to Mr. Reyes, about Mr. Ditri's improper conduct in the work place.  More specifically, she told Mr. Reyes that Mr. Ditri lewdly commented to her that she had "unbelievable cleavage," and asked her whether

she had a "landing strip or was bald down there." Plaintiff was visibly distressed over the comments and insisted that Mr. Ditri's behavior had to be stopped.

26.     After this June 2006 incident, Mr. Ditri warned Plaintiff that he could get her and anyone else at the Scarsdale Equinox club terminated from their employment.

27.     In July 2006, at the Scarsdale Equinox club, Mr. Ditri suddenly approached Plaintiff and pulled down the side of her pants.

28.     Mr. Ditri's harassment continued unabated, escalating in an incident on or around August 24, 2006 ("August 24 incident") when Mr. Ditri slapped a young female employee on her behind and lifted her shirt, and later approached Plaintiff attempting to kiss her.

29.     Right after this incident occurred, Plaintiff told Mr. Ditri that she would call the police if he did not leave the club immediately, and then reported this incident to Mr. Reyes.

30.     Afterwards, Matt Herbert, Director of "People & Learning" at the Company came to the Scarsdale club to speak to Plaintiff and other Equinox employees. The "People & Learning" Department handles human resources issues and is located at the Company's main corporate office at 895 Broadway, New York, New York.

31.     Mr. Herbert spoke to Plaintiff and other employees about Mr. Ditri's conduct and stated that Mr. Ditri would not be returning to the club.

32.     However, days later, Mr. Ditri came back to the club, further humiliating and terrifying the female employees who were there at the time, which prompted Plaintiff to complain to Mr. Herbert and others that the Company had not taken the appropriate measures to respond to the complaints made by Plaintiff about Mr. Ditri.

33.    Plaintiff was later informed that Mr. Ditri's employment had been terminated.

**The Retaliation Against Plaintiff Because of Her Protected Activity**

34.    Defendants began retaliating against Plaintiff for opposing the hostile work environment and sexual harassment that she and others were subjected to during their employment.

35.    Plaintiff's requests for resources and support needed to manage the shops at the clubs in Scarsdale, Mamaroneck, and Darien, such as sufficient merchandise and properly-functioning equipment, went unanswered.

36.    Then only a few weeks after the August 24 incident, Anisha Khanna, the Director of Retail, who was aware of Plaintiff's complaints about Mr. Ditri's sexual harassment and his termination, demanded that Plaintiff report to the main corporate office to meet with her and Maurice Brown, the Retail Manager, without informing Plaintiff of the purpose of the meeting.

37.    Plaintiff met with Ms. Khanna and Mr. Brown on September 19, 2006.

38.    At that meeting, Ms. Khanna and Mr. Brown gave Plaintiff a letter containing false and erroneous statements about Plaintiff's employment and her work performance, including false claims about trainings that Mr. Brown and others allegedly provided.

39.    At this September meeting, Ms. Khanna and Mr. Brown also presented Plaintiff with sales targets and other performance indicators that Plaintiff was told she had to achieve for the rest of September and beginning of October.

40.    However, prior to this meeting, Ms. Khanna and Mr. Brown had never informed Plaintiff about meeting any sales targets or other performance indicators. Even right after Plaintiff was promoted to Regional Manager, which occurred prior to the August 24

incident, neither Ms. Khanna nor Mr. Brown discussed sales targets or other performance indicators with Plaintiff.

41.    Plaintiff also never received a negative work performance evaluation or complaint about her work performance.  In fact, Plaintiff was given uniformly positive performance feedback, as evidenced by the promotions that she received.

42.    Prior to the September meeting, Plaintiff expressed concerns to Matt Herbert about rumors being spread at the Company that Plaintiff's complaint about sexual harassment was false and that Plaintiff was to blame for Mr. Ditri's termination.

43.    Plaintiff also expressed concerns to Mr. Brown and other Equinox managers, such as Michael Laitman, that Ms. Khanna was not providing her with the necessary merchandise and support and treating her in a hostile manner.  For example, Equinox did not provide Plaintiff with the "Manager Welcome Kit" containing key information for Regional Managers until after the September meeting.

44.    A few weeks after the September meeting, Ms. Khanna unlawfully terminated Plaintiff's employment on October 10, 2006.

45.    When Plaintiff asked Ms. Khanna whether her employment was being terminated because of her complaints about Mr. Ditri's sexual harassment that led to his termination, Ms. Khanna retorted that the conversation was over and refused to discuss the matter further.

46.    After Plaintiff was terminated, Equinox replaced her with a much younger employee who did not have the requisite experience for the Regional Shop Manager position and who left the position soon afterwards.

## AS AND FOR A FIRST CAUSE OF ACTION

**(Against Defendant Equinox - Discrimination and Sexual Harassment
in Violation of Title VII)**

47.     Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 46, inclusive, as if fully set forth herein.

48.     Equinox discriminated against Plaintiff on the basis of her sex, in violation of Title VII by denying to her the same terms and conditions of employment available to male employees, including but not limited to, unlawfully terminating her, and denying her the opportunity to work in an employment setting free of unlawful harassment.

49.     As a direct and proximate result of Equinox's unlawful discriminatory conduct and harassment in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

50.     As a direct and proximate result of Equinox's unlawful discriminatory conduct and harassment in violation of Title VII, Plaintiff has suffered, and continues to suffer, emotional distress, including but not limited to, depression, humiliation, stress and anxiety, loss of self-esteem, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

51.     Equinox's unlawful discriminatory actions and harassment constitute malicious, willful, and wanton violations of Title VII for which Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Against Defendant Equinox - Retaliation in Violation of Title VII)

52.     Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 51, inclusive, as if fully set forth herein.

53.     Equinox retaliated against Plaintiff by, inter alia, presenting her with false performance criticisms and unlawfully terminating her employment, in violation of Title VII for her opposition to Equinox's discriminatory practices toward herself and other female employees and/or her participation in lodging complaints about Equinox's discriminatory practices toward herself and other female employees.

54.     As a direct and proximate result of Equinox's unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

55.     As a direct and proximate result of Equinox's unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, emotional distress, including but not limited to, depression, humiliation, stress and anxiety, loss of self-esteem, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

56.     Equinox's unlawful retaliatory actions constitute malicious, willful, and wanton violations of Title VII for which Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION

**(Against All Defendants - Discrimination and Harassment in Violation of
New York State Human Rights Law)**

57.    Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 56, inclusive, as if fully set forth herein.

58.    Defendants discriminated against Plaintiff on the basis of her sex, in violation of the New York State Human Rights Law by denying her the same terms and conditions of employment available to male employees, including but not limited to, unlawfully terminating her, and denying her the opportunity to work in an employment setting free of unlawful harassment.

59.    As a direct and proximate result of Defendants' unlawful discriminatory conduct and harassment in violation of the New York State Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

60.    As a direct and proximate result of Defendants' unlawful discriminatory conduct and harassment in violation of the New York State Human Rights Law, Plaintiff has suffered, and continues to suffer, emotional distress, including but not limited to, depression, humiliation, stress and anxiety, loss of self-esteem, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

## AS AND FOR A FOURTH CAUSE OF ACTION

**(Against All Defendants - Retaliation in Violation of New York State
Human Rights Law)**

61.    Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 60, inclusive, as if fully set forth herein.

11

62.    Defendants retaliated against Plaintiff by, inter alia, presenting her with false performance criticisms and unlawfully terminating her employment, in violation of the New York State Human Rights Law, for her opposition to Defendants' discriminatory practices toward herself and other female employees and/or her participation in lodging complaints about Defendants' discriminatory practices toward Plaintiff and other female employees.

63.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

64.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered, and continues to suffer, emotional distress, including but not limited to, depression, humiliation, stress and anxiety, loss of self-esteem, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

## AS AND FOR A FIFTH CAUSE OF ACTION

### (Against Defendant Khanna - Aiding and Abetting Violations of New York State Human Rights Law)

65.    Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 64, inclusive, as if fully set forth herein.

66.    Defendant Khanna knowingly or recklessly aided and abetted the unlawful employment practices and retaliation against Plaintiff in violation of the New York State Human Rights Law.

67.    As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

68.    As a direct and proximate result, Plaintiff has suffered, and continues to suffer, emotional distress, including but not limited to, depression, humiliation, stress and anxiety, loss of self-esteem, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

## AS AND FOR A SIXTH CAUSE OF ACTION

### (Against All Defendants - Discrimination and Harassment in Violation of New York City Human Rights Law)

69.    Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 68, inclusive, as if fully set forth herein.

70.    Defendants discriminated against Plaintiff on the basis of her sex, in violation of the New York City Human Rights Law by denying her the same terms and conditions of employment available to male employees, including but not limited to, unlawfully terminating her, and denying her the opportunity to work in an employment setting free of unlawful harassment.

71.    As a direct and proximate result of Defendants' unlawful discriminatory conduct and harassment in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

72.    As a direct and proximate result of Defendants' unlawful discriminatory conduct and harassment in violation of the New York City Human Rights Law, Plaintiff has

suffered, and continues to suffer, emotional distress, including but not limited to, depression, humiliation, stress and anxiety, loss of self-esteem, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

73.    Defendants' unlawful and discriminatory actions constitute malicious, willful, and wanton violations of the New York City Human Rights Law for which Plaintiff is entitled to an award of punitive damages.

### AS AND FOR AN SEVENTH CAUSE OF ACTION

**(Against All Defendants - Retaliation in Violation of New York City Human Rights Law)**

74.    Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 73, inclusive, as if fully set forth herein.

75.    Defendants' retaliated against Plaintiff by, inter alia, presenting her with false performance criticisms and unlawfully terminating her employment, in violation of the New York City Human Rights Law, for her opposition to Defendants' discriminatory practices toward herself and other female employees and/or her participation in lodging complaints about Defendants' discriminatory practices toward Plaintiff and other female employees.

76.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

77.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, emotional distress, including but not limited to, depression, humiliation,

14

stress and anxiety, loss of self-esteem, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

78.    Defendants' unlawful and retaliatory actions constitute malicious, willful, and wanton violations of the New York City Human Rights Law for which Plaintiff is entitled to an award of punitive damages.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

### (Against Defendant Khanna - Aiding and Abetting Violations of New York City Human Rights Law)

79.    Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 78, inclusive, as if fully set forth herein.

80.    Defendant Khanna knowingly or recklessly aided and abetted the unlawful employment practices and retaliation against Plaintiff in violation of the New York City Human Rights Law.

81.    As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

82.    As a direct and proximate result, Plaintiff has suffered, and continues to suffer, emotional distress, including but not limited to, depression, humiliation, stress and anxiety, loss of self-esteem, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

## AS AND FOR A NINTH CAUSE OF ACTION

### (Against All Defendants - Intentional Infliction of Emotional Distress)

83.    Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 82, inclusive, as if fully set forth herein.

84.    Defendants engaged in conduct toward Plaintiff that is extreme and outrageous so as to exceed the bounds of decency in a civilized society.

85.    Among other conduct, Defendants' pervasive pattern of harassment and discrimination and tolerance of the hostile and abusive treatment of Plaintiff and other women at Equinox, and retaliation against Plaintiff constitute extreme and outrageous conduct that exceeds the bounds of decency in a civilized society.

86.    By their actions and conduct, Defendants intended to and intentionally or recklessly caused Plaintiff to suffer severe emotional distress.

87.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, severe emotional distress, for which she is entitled to an award of monetary damages and other relief.

88.    Defendants' extreme and outrageous conduct was knowing, malicious, willful, and wanton, entitling Plaintiff to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A.    A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States, the State of New York, and the City of New York;

B.    An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C.    An order directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

D.    An award of damages in an amount to be determined at trial, plus prejudgment

interest, to compensate Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

E.    An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for her depression, humiliation, stress and anxiety, loss of self-esteem, emotional pain and suffering, and emotional distress;

F.    An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment;

G.    An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

H.    An award of punitive damages;

I.    An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

J.    Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.


Dated: New York, New York
       July 13, 2007


                         Respectfully submitted,

                         THOMPSON WIGDOR & GILLY LLP

                         By: _____
                             Douglas H. Wigdor (DW-9737)
                             Jihee G. Suh (JS-4420)

                         350 Fifth Avenue, Suite 5720
                         New York, NY  10118
                         Telephone:  (212) 239-9292
                         Facsimile:  (212) 239-9001

                         *Counsel for Plaintiff*

# EXHIBIT 1

EEOC Form 161 (3/98)         U.S. E٧٦٦ L EMPLOYMENT OPPORTUNITY COMMIS٧N

## DISMISSAL AND NOTICE OF RIGHTS

To:  Renee Palompelli                                    From:  New York District Office
**[Personal Address**                                            33 Whitehall Street
                                                                 5th Floor
        **Redacted]**                                            New York, NY 10004

| | |
|---|---|
| ☐ | On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2007-01408 | Hazel C. Stewart, Supervisory Investigator | (212) 336-3776 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐  While reasonable efforts were made to locate you, we were not able to do so.

☐  You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

On behalf of the Commission

_____                    JUN 1 2 2007

**Spencer H. Lewis, Jr.,**                          *(Date Mailed)*
**Director**

Enclosures(s)

cc:
Jennifer Bartle                                     Douglas H. Wigdor, Esq.
Director H.R./Legal Dept.                           350 Fifth Avenue , Suite 5720
EQUINOX CORP.                                       New York, NY 10118
895 Broadway, 3rd Floor
New York, NY 10003

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS  --  **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office. If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

PRIVATE SUIT RIGHTS  --  **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit
before 7/1/02 – *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if
you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed
within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION  --  **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE  --  **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*