ALLAN S. BLOOM (AB-4125)
JENNIFER L. BARTLE (JB-3589)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York 10022
(212) 318-6000

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RENEE PALOMPELLI,

     Plaintiff,

   - against -

EQUINOX FITNESS CLUB, EQUINOX
HOLDINGS, INC., THE EQUINOX GROUP,
INC., and ANISHA KHANNA,

     Defendants.

07 Civ. 6403 (KMK) (HBP)

**ANSWER AND
AFFIRMATIVE DEFENSES**

---

   Defendants Equinox Fitness Club, Equinox Holdings, Inc., The Equinox Group, Inc., and Anisha Khanna (collectively, "Defendants"), by their attorneys, Paul, Hastings, Janofsky & Walker LLP, hereby answer the Complaint ("Complaint") filed herein by Plaintiff Renee Palompelli ("Plaintiff") as follows:

   1.  Defendants admit that Plaintiff has brought this action as described in paragraph "1" of the Complaint, and otherwise deny the allegations in that paragraph.

   2.  The statements in paragraph "2" of the Complaint are legal conclusions to which no response is required.

   3.  The statement in paragraph "3" of the Complaint is a legal conclusion to which no response is required.

4.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of paragraph "4" of the Complaint. The statement in the second sentence of that paragraph is a legal conclusion to which no response is required.

5.    Defendants admit the allegation in paragraph "5" of the Complaint.

6.    Defendants admit the allegation in paragraph "6" of the Complaint.

7.    Defendants admit the allegation in paragraph "7" of the Complaint.

8.    Defendants admit that Equinox operates fitness clubs in New York, Connecticut, and other states, and otherwise deny the allegation in paragraph "8" of the Complaint.

9.    The statement in paragraph "9" of the Complaint is a legal conclusion to which no response is required.

10.    Defendants admit that Anisha Khanna resides in New York and that she is employed by Equinox as its Director of Retail, and deny the remainder of the allegations in paragraph "10" of the Complaint.

11.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "11" of the Complaint.

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph "12" of the Complaint.

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph "13" of the Complaint.

14.    Defendants admit the allegation in paragraph "14" of the Complaint.

15.    Defendants admit the allegation in paragraph "15" of the Complaint.

16.     Defendants admit that Equinox promoted Plaintiff, and deny the remainder of the allegation in paragraph "16" of the Complaint.

17.     Defendants admit the allegation in the first sentence of paragraph "17" of the Complaint, admit that Plaintiff reported to Scott Coleman, and deny the remainder of the allegations in the paragraph.

18.     Defendants admit the allegation in the first sentence of paragraph "18" of the Complaint, admit that Plaintiff reported to Anisha Khanna, admit that Khanna and Maurice Brown worked at Equinox's 895 Broadway office, and deny the remainder of the allegations in the paragraph.

19.     Defendants admit that Equinox terminated Plaintiff's employment on October 10, 2006, and deny the remainder of the allegation in paragraph "19" of the Complaint.

20.     Defendants deny the allegation in paragraph "20" of the Complaint.

21.     Defendants deny the allegations in paragraph "21" of the Complaint.

22.     Defendants deny the allegations in paragraph "22" of the Complaint.

23.     Defendants deny the allegation in paragraph "23" of the Complaint.

24.     Defendants deny the allegation in paragraph "24" of the Complaint.

25.     Defendants deny the allegations in paragraph "25" of the Complaint.

26.     Defendants deny the allegation in paragraph "26" of the Complaint.

27.     Defendants deny the allegation in paragraph "27" of the Complaint.

28.     Defendants admit that Mr. Ditri was accused of slapping a young female employee on her behind and lifting her skirt, are without knowledge or information sufficient to form a belief as to whether Mr. Ditri approached Plaintiff attempting to kiss her, and deny the remainder of the allegation in paragraph "28" of the Complaint.

29.     Defendants deny the allegation in paragraph "29" of the Complaint.

30.     Defendants admit that in late August 2006, Matt Herbert, Equinox's Director of People and Learning, came to the Scarsdale club to speak to Plaintiff and other Equinox employees, admit that the People and Learning Department handled human resources issues and was located at Equinox's 895 Broadway office, and deny the remainder of the allegations in paragraph "30" of the Complaint.

31.     Defendants admit the allegation in paragraph "31" of the Complaint.

32.     Defendants deny the allegation in paragraph "32" of the Complaint.

33.     Defendants admit the allegation in paragraph "33" of the Complaint.

34.     Defendants deny the allegation in paragraph "34" of the Complaint.

35.     Defendants deny the allegation in paragraph "35" of the Complaint.

36.     Defendants admit that in September 2006, Khanna asked Plaintiff to report to Equinox's corporate office to meet with her and Brown, and deny the remainder of the allegation in paragraph "36" of the Complaint.

37.     Defendants admit the allegation in paragraph "37" of the Complaint.

38.     Defendants admit that Khanna and Brown gave Plaintiff a letter at the September 2006 meeting, and deny the remainder of the allegation in paragraph "38" of the Complaint.

39.     Defendants admit the allegation in paragraph "39" of the Complaint.

40.     Defendants deny the allegations in paragraph "40" of the Complaint.

41.     Defendants deny the allegations in paragraph "41" of the Complaint.

42.     Defendants deny the allegation in paragraph "42" of the Complaint.

43.     Defendants deny the allegation in the first sentence of paragraph "43" of

the Complaint, admit that Plaintiff received a "Manager Welcome Kit" after the September 2006 meeting, and deny the remainder of the allegations in that paragraph.

44.    Defendants admit that Equinox terminated Plaintiff's employment on October 10, 2006, and deny the remainder of the allegation in paragraph "44" of the Complaint.

45.    Defendants deny the allegation in paragraph "45" of the Complaint.

46.    Defendants deny the allegation in paragraph "46" of the Complaint.

47.    Defendants repeat and restate each of the above responses as if fully set forth herein.

48.    Defendants deny the allegation in paragraph "48" of the Complaint.

49.    Defendants deny the allegation in paragraph "49" of the Complaint.

50.    Defendants deny the allegation in paragraph "50" of the Complaint.

51.    Defendants deny the allegation in paragraph "51" of the Complaint.

52.    Defendants repeat and restate each of the above responses as if fully set forth herein.

53.    Defendants deny the allegation in paragraph "53" of the Complaint.

54.    Defendants deny the allegation in paragraph "54" of the Complaint.

55.    Defendants deny the allegation in paragraph "55" of the Complaint.

56.    Defendants deny the allegation in paragraph "56" of the Complaint.

57.    Defendants repeat and restate each of the above responses as if fully set forth herein.

58.    Defendants deny the allegation in paragraph "58" of the Complaint.

59.    Defendants deny the allegation in paragraph "59" of the Complaint.

60.    Defendants deny the allegation in paragraph "60" of the Complaint.

61.     Defendants repeat and restate each of the above responses as if fully set forth herein.

62.     Defendants deny the allegation in paragraph "62" of the Complaint.

63.     Defendants deny the allegation in paragraph "63" of the Complaint.

64.     Defendants deny the allegation in paragraph "64" of the Complaint.

65.     Defendants repeat and restate each of the above responses as if fully set forth herein.

66.     Defendants deny the allegation in paragraph "66" of the Complaint.

67.     Defendants deny the allegation in paragraph "67" of the Complaint.

68.     Defendants deny the allegation in paragraph "68" of the Complaint.

69.     Defendants repeat and restate each of the above responses as if fully set forth herein.

70.     Defendants deny the allegation in paragraph "70" of the Complaint.

71.     Defendants deny the allegation in paragraph "71" of the Complaint.

72.     Defendants deny the allegation in paragraph "72" of the Complaint.

73.     Defendants deny the allegation in paragraph "73" of the Complaint.

74.     Defendants repeat and restate each of the above responses as if fully set forth herein.

75.     Defendants deny the allegation in paragraph "75" of the Complaint.

76.     Defendants deny the allegation in paragraph "76" of the Complaint.

77.     Defendants deny the allegation in paragraph "77" of the Complaint.

78.     Defendants deny the allegation in paragraph "78" of the Complaint.

79.     Defendants repeat and restate each of the above responses as if fully set

forth herein.

80.    Defendants deny the allegation in paragraph "80" of the Complaint.

81.    Defendants deny the allegation in paragraph "81" of the Complaint.

82.    Defendants deny the allegation in paragraph "82" of the Complaint.

83.    Defendants repeat and restate each of the above responses as if fully set

forth herein.

84.    Defendants deny the allegation in paragraph "84" of the Complaint.

85.    Defendants deny the allegation in paragraph "85" of the Complaint.

86.    Defendants deny the allegation in paragraph "86" of the Complaint.

87.    Defendants deny the allegation in paragraph "87" of the Complaint.

88.    Defendants deny the allegation in paragraph "88" of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief set forth in the "WHEREFORE" paragraph of the Complaint and the subparagraphs thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

89.    The Complaint fails to state any claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

90.    Plaintiff's claims for relief are barred to the extent they were not filed within the applicable statutes of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

91.    Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and/or unclean hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

92.    Plaintiff's claims are barred to the extent Plaintiff failed to exhaust her

administrative remedies.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

93.    Plaintiff's claims for relief are barred to the extent the Complaint contains allegations and claims that exceed those contained in the charge of discrimination filed by Plaintiff with the United States Equal Employment Opportunity Commission.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

94.    Plaintiff has received from Defendants all compensation, benefits, and monies to which she is entitled.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

95.    Defendants maintain policies against harassment, as well as reasonable and available procedures for handling complaints thereof, which provide for prompt and effective responsive action.  Plaintiff's claims are barred to the extent she failed to utilize or otherwise avail herself of these policies and procedures, or failed to take advantage of other preventive or corrective opportunities provided by Defendants.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

96.    Defendants exercised reasonable care to prevent, investigate, and promptly correct any alleged unlawful behavior.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

97.    Plaintiff has failed to mitigate or otherwise failed to act to lessen or reduce any of the putative damages alleged in her Complaint, thereby barring or reducing *pro tanto* her claims for relief.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

98.    Defendants engaged in good faith efforts to comply with applicable laws

and otherwise acted within the scope of the exceptions to vicarious liability for punitive damages enumerated by the Supreme Court in *Kolstad v. American Dental Association*, 527 U.S. 526 (1999).

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

99.    Defendants reserve the right, pending completion of discovery, to assert any additional defenses that may exist.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed with prejudice in its entirety and that Defendants be awarded their attorneys' fees, costs, expenses, and such other and further relief as the Court deems just and proper.

Defendants do not consent to the trial by jury of any issue not required by law to be tried to a jury, including but not limited to any determination of equitable remedies.

Dated:  August 10, 2007             PAUL, HASTINGS, JANOFSKY & WALKER LLP

By:    _____

Allan S. Bloom (AB-4125)
Jennifer L. Bartle (JB-3589)

75 East 55th Street
New York, NY  10022-3205
(212) 318-6000

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RENEE PALOMPELLI,

                 Plaintiff,

         - against -

EQUINOX FITNESS CLUB, EQUINOX
HOLDINGS, INC., THE EQUINOX GROUP,
INC., and ANISHA KHANNA,

               Defendants.

---

07 Civ. 6403 (KMK) (HBP)

**CERTIFICATE OF SERVICE**

        The undersigned member of the Bar of this Court hereby certifies that, on August 10, 2007, she caused to be served a true and correct copy of the foregoing **Answer and Affirmative Defenses**, in the above captioned matter by Regular First Class U.S. Mail upon Douglas H. Wigdor, Esq., Thompson Wigdor & Gilly LLP, 350 Fifth Avenue, Suite 5720, New York, New York 10118, the address designated by said attorney for that purpose.

Dated:  New York, New York
        August 10, 2007

                             _Jennifer L. Bartle_
                             JENNIFER L. BARTLE

LEGAL_US_E # 75984234.3